UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-118-JJF |
| | ) | |
| KEVIN L. PEARSALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO REQUEST A DAUBERT HEARING**

Defendant Kevin Pearsall, by and through his undersigned counsel, Christopher S. Koyste, hereby requests a hearing pursuant to Fed. R. Evid. 702 to determine the admissibility of expert testimony on the subject of gunshot residue at trial. Mr. Pearsall submits the following in support thereof:

1. On August 5, 2006, at approximately 1:50 a.m., Dover Police Department officers reported to the Capital Green Apartment complex in relation to anonymous phone calls alleging that Mr. Kevin Pearsall had fired a handgun several times and concealed it in his clothing. A subsequent anonymous phone call alleged that Mr. Pearsall was sitting next to a woman at a specific location in the Capital Green apartment complex, and that he had given the gun to her. Upon arriving at that location, the officers saw a woman and two men sitting together. One of the men was Mr. Pearsall, who appeared to have had consumed alcohol. The police officers saw a noticeable bulge in the woman's shorts, and immediately arrested her and Mr. Pearsall. After the arrests, the officers frisked the woman and found a 9mm Vector semi-automatic pistol in her shorts. After the officers had transported Mr. Pearsall to the police station, Officer Kuntzi of the Dover Police Department swabbed Mr. Pearsall's right hand. RJ Lee Group, Inc., a laboratory, tested the swabs and issued a

report indicating that they had tested positive for gunshot residue.

2. On October 24, 2006 Mr. Pearsall was indicted by the Grand Jury for the District of Delaware for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Mr. Pearsall was subsequently transferred from state custody to federal custody.

3. The admissibility of expert testimony in the federal courts is governed by Fed. R. Evid. 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2006). See also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). The Defense requests a pre-trial hearing to determine whether the government can demonstrate that it followed established procedures and observed the proper chain of custody while gathering "evidence" of gunshot residue, such that an expert could properly rely on that evidence in offering testimony under Fed. R. Evid. 702. Additionally, the Defense seeks a hearing to determine whether the government's witness or witnesses can be recognized as experts in the field of gunshot residue testing so that Rule 702 would permit their testimony. Finally, the Defense will explore whether the evidence would assist the fact finder in determining whether Mr. Pearsall actually fired a firearm, or whether the prejudicial effect of the evidence outweighs the probative value as defined by Fed. R. Evid. 403.

**WHEREFORE**, Mr. Pearsall respectfully requests that the Court schedule a pre-trial <u>Daubert</u> hearing to determine whether expert testimony will be permitted at trial. Mr. Pearsall also requests an opportunity to present legal memoranda to supplement the factual record after the hearing.

        /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
Email: ecf_ck@msn.com
Attorney for Kevin Pearsall

DATED: January 17, 2007

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that the attached pre-trial motion of Defendant Pearsall is available for public viewing and downloading and was electronically delivered on January 17, 2007 to:

Edmond Falgowski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
Email: ecf_ck@msn.com
Attorney for Kevin Pearsall