UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-118-JJF |
| | ) | |
| KEVIN L. PEARSALL, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS EVIDENCE OBTAINED FROM AN ILLEGAL SEIZURE

Defendant, Kevin Pearsall, through undersigned counsel, Christopher S. Koyste, hereby moves for the suppression of all evidence obtained as a result of his unlawful seizure on August 5, 2006, including any forensic evidence obtained from his person. Defendant submits that he was seized by police officers in violation of the Fourth Amendment of the Constitution of the United States.

In support of this motion the defense submits as follows:

1. On August 5, 2006, at approximately 1:50 a.m., Dover Police Department officers reported to the Capital Green Apartment complex in relation to anonymous phone calls alleging that Mr. Kevin Pearsall had fired a handgun several times and concealed it in his clothing. A subsequent anonymous phone call alleged that Mr. Pearsall was sitting next to a woman at a specific location in the Capital Green apartment complex, and that he had given the gun to her. Upon arriving at that location, the officers saw a woman and two men sitting together. One of the men was Mr. Pearsall, who appeared to have consumed alcohol. The police officers saw a noticeable bulge in the woman's shorts, and immediately arrested her and Mr. Pearsall. After the arrest, the officers frisked the woman and found a 9mm Vector semi-automatic pistol in her shorts. After the officers had transported Mr.

Pearsall to the police station, Officer Kuntzi of the Dover Police Department swabbed Mr. Pearsall's right hand. RJ Lee Group, Inc., a laboratory, tested the swabs and issued a report indicating that they had tested positive for gunshot residue.

2. On October 24, 2006 Mr. Pearsall was indicted by the Grand Jury for the District of Delaware for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Mr. Pearsall was subsequently transferred from state custody to federal custody.

3. Under Terry v. Ohio, 392 U.S. 1 (1968), and its progeny, the Fourth Amendment provides that a police officer "may conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). The Constitution requires that the officer have the ability to articulate his particularized suspicion that the suspect is engaged in criminal activity, and may not base his seizure of the suspect on a hunch. Terry, 392 U.S. at 27.

4. In Terry, the Court initially determined that a suspect has been "seized" within the meaning of the Fourth Amendment when a police officer "restrains his freedom to walk away." Id. at 16. It explained further in U.S. v. Mendenhall that if, under the circumstances, a reasonable person would not have felt that he was "free to leave," he has been "seized." Examples of such circumstances include, according to the Court, "the threatening presence of several officers," "or the use of language or tone of voice indicating that compliance with the officer's request might be compelled," among others. 446 U.S. 544, 554 (citing Terry, 392 U.S. at 19, n.16; Dunaway v. New York, 442 U.S. 200, 207 (1979)). See also California v. Hodari D., 499 U.S. 621, 628 (1991) (reasonable suspicion required for a stop when a reasonable person would not feel free "to disregard the police and go about his business). The Court refined its analysis in Florida v. Bostick, 501 U.S. 429, 439 (1991), by determining that if a reasonable person does not believe, in light of all

circumstances attendant to the encounter with police, that he is "free to decline the officers' requests or otherwise terminate the encounter," he has been seized.

5. An anonymous telephone tip may only provide reasonable suspicion for an investigatory stop if it "exhibit[s] sufficient indicia of reliability." Alabama v. White, 496 U.S. 325, 326. The tip is evaluated in light of the totality of the circumstances. Id. at 330. An anonymous tip, on its own, will rarely provide an indication of the caller's honesty or reliability. Id. at 329. However, when independent police investigation corroborates significant details that the tipster has provided, especially when those details are predictive in nature, the tip gains enough reliability to justify the stop. Id. at 332 (citing Illinois v. Gates, 462 U.S. 213, 245 (1983)).

6. In Florida v. J.L., 529 U.S. 266, 268 (2000), police received an anonymous tip that a young black man in a plaid shirt was at a bus stop with a gun. The Court, noting that the police had no further incriminating or suspicious information about the man, even after observing him, declared that the tip lacked the standard indicia of reliability that would have supported a legitimate stop. Id. It simply provided "[a]n accurate description of a subject's readily observable location and appearance," which is useful solely in identifying the particular person to whom the tipster refers, id. at 272, but provided none of the predictive information relied upon in Gates and White to test the knowledge or credibility of the informant. Id. at 271.

7. The Third Circuit applied this framework in U.S. v. Roberson, determining that an anonymous tip alone, reporting "only information readily observable at the time the tip is made," is insufficient justification for a Terry stop if police investigating the tip observe no suspicious conduct at the scene. 90 F.3d 75 (3d. Cir. 1996). In Roberson, an anonymous 911 caller described in detail a man whom he believed to be selling drugs on a particular corner, but when police arrived and saw a man matching the description, although they could see "the butt of a gun protruding from his

pants," they observed no activity suggestive of drug activity. Id. at 76. The only details that police corroborated were "conditions presumably existing at the time of the call." Id. at 79 (quoting Alabama v. White, 496 U.S. at 332).

8. The anonymous tip in this case lacked the indicia of reliability that would support an investigatory stop. As in J.L. and Roberson, the tip merely provided an accurate description of Mr. Pearsall's readily observable location and appearance. Thus, when the police arrived on the scene, they simply confirmed that Mr. Pearsall was seated at the location where the anonymous tipster said the police would find him. However, they arrested Mr. Pearsall immediately upon their arrival, prior to their discovery of a firearm on another person, without questioning him or observing any suspicious conduct that would indicate that criminal activity was afoot. Neither the tip, nor the officers' observations at the scene, taken together or separately, supplied the level of suspicion necessary to justify even a stop, which falls short of an arrest. Therefore, the police seized Mr. Pearsall in violation of the Fourth Amendment.

9. As a result of Mr. Pearsall's illegal seizure he was subjected to testing for gunshot residue, the results of which the government seeks to introduce at trial. Because this evidence was obtained as a result of an illegal seizure, the "fruit of the poisonous tree doctrine" mandates that it be excluded from trial. See Wong Sun v. U.S., 371 U.S. 471 (1963).

**WHEREFORE**, Mr. Pearsall respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence as discussed above. Mr. Pearsall also requests an opportunity to present legal memoranda to supplement the factual record after the hearing.

              /s/ Christopher S. Koyste
              Christopher S. Koyste, Esquire
              Assistant Federal Public Defender
              704 King Street, Suite 110
              Wilmington, Delaware  19801
              (302) 573-6010
              Email: ecf_ck@msn.com
              Attorney for Kevin Pearsall

DATED: January 17, 2007

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that the attached pre-trial motion of Defendant Pearsall is available for public viewing and downloading and was electronically delivered on January 17, 2007 to:

Edmond Falgowski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

 /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
Email: ecf_ck@msn.com
Attorney for Kevin Pearsall