UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-118-JJF |
| | ) | |
| KEVIN L. PEARSALL, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S PROPOSED FINDINGS OF FACT AND LAW IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE OBTAINED FROM AN ILLEGAL SEIZURE

Defendant Kevin Pearsall, by and through his undersigned counsel, Christopher S. Koyste, proposes that this Honorable Court make the following findings of fact and law regarding evidence obtained as a result of Mr. Pearsall's August 5, 2006 arrest by members of the Dover Police Department.

**PROPOSED FINDINGS OF FACT:**

The Government has indicted Mr. Pearsall with possession of a firearm in violation of 18 U.S.C. § 922(g). The discovery that has been provided to the Defense indicates that the Dover Police Department received an anonymous call from an individual who alleged that she had just seen Mr. Pearsall fire a handgun several times and then conceal it in his clothing. A short time later, the caller contacted the police department again, this time reporting that Mr. Pearsall was sitting next to a woman at a specific location in the Capital Green Apartment complex, and that he had given the gun to her.[1]

---

[1] The government has indicated that it does not know the identity of the caller. Thus, the only testimony at trial regarding the report of hearing gun shots would come from Ms. Baez or the responding Dover Police Officers.

When police officers arrived at the Capital Green Apartments to investigate, they saw a woman, Ms. Anna Baez, and two men sitting together. One of the men was Mr. Pearsall, who appeared to have had consumed alcohol. The police officers saw a bulge in Ms. Baez' shorts, and they immediately arrested both her and Mr. Pearsall. After the arrests, the officers frisked Ms. Baez and found a 9mm Vector semiautomatic pistol in her shorts.

The Defense proposes that this Court find that Mr. Pearsall was not affected by alcohol to a degree that would have supported his arrest for public intoxication, and that there was no basis on which to charge him with trespassing because he was in the company of Ms. Baez, who was lawfully present at the Capital Green Apartment complex as one of its residents.

**PROPOSED CONCLUSION OF LAW:**

Mr. Pearsall advances that this Court should hold that he was arrested by Dover Police Officers without probable cause in violation of the Fourth Amendment to the United States Constitution. The Court should find that the information provided by the anonymous telephone tipster lacks the indicia of reliability that would support even an investigative stop. See Alabama v. White, 496 U.S. 325, 326 (1990). An anonymous tip will rarely provide an indication of the caller's honesty or reliability, id. at 329, but it can gain enough reliability to justify a stop when independent police investigation corroborates significant details in the tip, especially predictive ones. See id. at 332 (citing Illinois v. Gates, 462 U.S. 213, 245 (1983)). Here, however, the only relevant facts verified by law enforcement were Mr. Pearsall's mere presence at Capital Green Apartments and the possibility that Ms. Baez had committed a crime by possessing a concealed firearm. An anonymous tip that reports "only information readily observable at the time the tip is made" cannot justify a Terry stop if the police investigating the tip observe no suspicious conduct at the scene. U.S. v. Roberson,

2

90 F.3d 75, 75 (3d Cir. 1996).  See also Florida v. J.L., 529 U.S. 266, 272 (2000). (holding that a

tip providing "[a]n accurate description of a subject's readily observable location and appearance,"

useful solely in identifying the person to whom the tipster refers, lacks the indicia of reliability that

would support a legitimate stop).  Therefore, this Court should find that the seizure of Mr. Pearsall

violated the Fourth Amendment.

In addition, the Court should conclude that there is no other basis to support Mr. Pearsall's

arrest by the Dover Police Officers.  For that reason, the Court should hold that all gunshot residue

evidence, which was obtained as a result of that illegal seizure, will be excluded from trial as the fruit

of the poisonous tree.  See Wong Sun v. U.S., 371 U.S. 471 (1963).

**WHEREFORE**, Mr. Pearsall respectfully requests that the Court enter his proposed findings

of fact and law regarding the evidence obtained as a result of his arrest.

        /s/ Christopher S. Koyste
        Christopher S. Koyste, Esquire
        Assistant Federal Public Defender
        704 King Street, Suite 110
        Wilmington, Delaware  19801
        (302) 573-6010
        Email: ecf_ck@msn.com
        Attorney for Kevin Pearsall

DATED: February 2, 2007

**<u>CERTIFICATE OF SERVICE</u>**

Undersigned counsel certifies that the attached filing of Defendant Pearsall is available for

public viewing and downloading and was electronically delivered on February 2, 2007 to:

Edmond Falgowski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
Email: ecf_ck@msn.com
Attorney for Kevin Pearsall

4