IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-118-JJF |
| | ) | |
| KEVIN L. PEARSALL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING DEFENDANT'S ARREST**

This Memorandum is submitted in response to the defendant's Amended Memorandum, dated February 2, 2007.

I. **The Facts**

A. **The Arrest**

The relevant facts are set forth in the Government's Memorandum of February 13, 2007.

The Government supplements those facts with a description of the clothing worn on the day in question by the defendant and the 20-year old woman. When the Dover P.D. officers approached them as they sat on a bench at the housing authority apartments, the defendant was wearing baggy shorts and a tee shirt. The defendant's shorts were of the type that went to the knees, had pockets and a conventional waistband. The defendant was dressed in a manner so that he reasonably could conceal a 9mm semi-automatic pistol on his person.

The 20-year old woman, approximately 5 feet tall and 100 pounds in weight, wore a small, form fitting, sleeveless tee shirt. She wore shorts, similar to gym shorts but also form fitting. The

20-year woman was dressed in a manner so that she could not reasonably have concealed the 9mm semi-automatic pistol on her person.

## II. The Law

The defendant contends that he was unlawfully arrested on August 5, 2006, on the grounds of the housing authority apartment complex in Dover, and that all resultant evidence obtained from him must be suppressed.

The defendant's arrest was justified for both trespassing and felon in possession of a firearm.

### a. Trespassing

At the time of the defendant's arrest on April 8, 2006, he had been banned from the grounds of the housing authority apartment complex. Officer Kuntzi was aware of the ban and had arrested the defendant for trespassing one week earlier. Accordingly, on April 8, 2006, the defendant was lawfully arrested.

### b. Possession of Firearm by Felon

An informant's tip, together with corroboration, can establish probable cause for an arrest. See *United States v. Roberson*, 90 F.3d 75, 77 (3d Cir. 1996).

In the instant case the anonymous caller accurately identified the defendant by both first and last name, and explained the basis of the caller's knowledge. The caller had just watched "Kevin Pearsall" do the things the caller reported to the police. The Dover P.D. officers found the defendant and the 20-year old woman at the specified location and wearing the specified clothing. Officer Kuntzi knew the defendant was a felon. The final corroboration of the caller's tip that the defendant was in possession of a handgun was provided when the 9mm, semi-automatic pistol was taken from the 20-year old woman as she sat next to Pearsall. The obvious inability of this 20-year old woman

to conceal the pistol on her person was further indication that the handgun belonged to Pearsall. Accordingly, at the time that Pearsall was arrested at the apartment complex there existed probable cause to arrest him for being in possession of the handgun.

The facts of *United States v. Roberson*, 90 F.3d 75 (3d Cir. 1996) are distinguishable from the instant case. The Third Circuit ruled that Roberson was effectively taken into custody without the police having corroborated their tip by observing unusual or suspicious conduct on Roberson's part. *Id.* at 80. The Third Circuit ruled that the police officers saw the butt of a gun protruding from Roberson's pocket only <u>after</u> Roberson's unlawful arrest. *Id.* at 76.

Assuming arguendo that probable cause for the defendant's arrest did not exist upon his removal from the grounds of the housing authority apartment complex, it did exist when at Dover P.D. Headquarters the 20-year old woman made her statement incriminating Pearsall. It was only afterwards that the defendant's hands were sampled by the officers. Thus, the taint of any bad arrest was purged before any evidence was collected from the defendant.

The defendant's motion must be denied.

COLM F. CONNOLLY<br>
United States Attorney<br>
<br>
By: _____<br>
Edmond Falgowski<br>
Assistant United States Attorney

Dated: 2-15-07

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 06-118-JJF |
| ) | |
| KEVIN L. PEARSALL ) | |

     I, Sharon Bernardo, an employee of the United States Attorney's Office, hereby certify that on February 15, 2007, I electronically filed the foregoing:

**GOVERNMENT'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING DEFENDANT'S ARREST**

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

     Christopher Koyste, Esquire
     Federal Public Defender's Office
     First Federal Plaza, Suite 110
     704 King Street
     Wilmington, DE  19801
     ecf_ck@msn.com

*/s/ Sharon R. Bernardo*