IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-118-JJF |
| | ) | |
| KEVIN L. PEARSALL, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S POSSESSION OF HANDGUN PURSUANT TO FEDERAL RULE OF EVIDENCE 401

The Government seeks to offer into evidence as part of its case-in-chief the testimony of two witnesses, both of whom observed the defendant in possession of a black, semi-automatic handgun near in time and place to the defendant's arrest.

### The Indictment and Evidence

On April 5, 2006, at approximately 1:50 a.m., Officers Kuntzi and Bumgarner, Dover Police Department, responded to a dispatch to 459 New Castle Avenue, Dover, Delaware. Upon arriving at that address, the officers found the defendant sitting on the front steps. Sitting immediately next to Pearsall was Ana Baez.

Officer Bumgarner approached the steps and immediately observed that Baez had a heavy, solid object concealed in the front of her shorts. He told her two or three times to stand up. When Baez finally stood up, she grabbed at the object in her shorts. Officer Bumgarner then took from

Baez a black, semi-automatic pistol that was tucked into the front waistband of her shorts. Seeing Officer Bumgarner take the handgun from Baez, Cpl. Kuntzi arrested Pearsall. During the later booking process at the Dover P.D. station, when asked his address Pearsall replied that he was "homeless."

At 3:20 a.m., Cpl. Kuntzi interviewed with Baez. She advised that she met up with Pearsall that evening shortly before the police contact; that Pearsall gave her the handgun to hold for him; and that she and Pearsall sat down on the concrete step where they were arrested.

Baez later pled guilty to charges in state court and will testify as a Government witness.

### The Proffered Testimony

The Government proposes to offer into evidence the testimony of two witnesses, Witness 1 (W-1) and Witness 2 (W-2).

W-1 would testify that in August 2006, W-1 lived across the street, an approximate 100 - 200 foot distance, from 459 New Castle Avenue and was acquainted with the defendant. On the night or very early morning hours of August 4 - 5, 2006, W-1 observed the commotion caused when several police cars responded to 459 New Castle Avenue. The previous night, August 3, 2006, W-1 and a friend, W-2, were at W-1's house when they heard gun shots. Shortly thereafter W-1 saw the defendant walk to beneath a tree on W-1's lawn, where the defendant stood with a black, semi-automatic pistol in his hand.

The ATF case agent later showed W-1 a catalogue picture of the make and model of the subject gun, a black semi-automatic pistol. In a written statement W-1 wrote, in part, "The gun [in Pearsall's hand] looked black in color, it looked like a semi-automatic and not a revolver. . . . I can tell the difference between the two. Special Agent DiBetta showed me a picture of a gun which I can't say

is the same gun because it was dark [outside]." Importantly, W-1 also could not exclude the catalogue picture as depicting the same black, semi-automatic pistol W-1 observed in the defendant's hand. To date, W-1 has not been shown the actual pistol seized on August 5, 2006.

W-2 also would testify to being acquainted with the defendant and to observing, together with W-1, the defendant holding a gun while standing under a tree on W-1's lawn. To date, W-2 has been shown neither the catalogue picture nor handgun.

The Government seeks to prove with the testimony of W-1 and W-2 that the gun they observed in the defendant's hand on August 3, 2006, is the same gun seized from the constructive possession of the defendant, approximately 24 hours later and a short distance away.

### The Law

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In the instant case, the testimony of W-1 and W-2 is relevant in that it is evidence of the defendant's possession of the same black, semi-automatic pistol within 24 hours of, and in close proximity to the scene of the defendant's later arrest.

"The continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single offense." *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (in trial of firearms offenses, evidence of Towne's possession of the subject pistol on days other than the single date charged in the indictment was admissible, and was not 404(b) "other crimes" evidence).

The Government does not offer the testimony of W-1 and W-2 under Fed. R. Evid. 404(b).

3

"Rule 404(b), which proscribes the admission of evidence of other crimes ... does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense." *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999).

"[I]f evidence is offered as direct evidence of a fact in issue, not as circumstantial evidence requiring an inference regarding the character of the accused, it is properly considered intrinsic." *United States v. Alexander*, 331 F.3d 116, 126 (U.S. App. D.C. 2003) (citation and quotation marks omitted) (witness' statement that Alexander has "a gun on him" constitutes intrinsic, admissible evidence in felon-in-possession trial). *See United States v. Klein*, 13 F.3d 1182, 1184 (8th Cir. 1994) (where police found a handgun in Klein's pants pocket, testimony of Klein's earlier shooting of the gun was admissible, intrinsic evidence at his felon-in-possession trial).

In *United States v. Wilson*, 26 Fed. Appx. 93 (3d. Cir. 2002), Wilson was charged with possession of a firearm by a felon. The Government offered into evidence at trial the testimony of a person who had straw purchased the firearm for Wilson. The Third Circuit found Rule 404(b) to be inapplicable in that the straw purchaser's testimony was intrinsic to the proof of the charged offense, the testimony was evidence that Wilson possessed the firearm charged in the Indictment.

The admissibility of the testimony of W-1 and W-2 is not dependent on them making a positive identification of the seized gun as being the same black, semi-automatic pistol they observed in the defendant's hand. Such an issue addresses the weight, not the admissibility, of the evidence. The black, semi-automatic description given by W-1 and W-2 is further linked to the subject handgun by the witnesses' observations being in close proximity in time and location to the defendant's arrest, and by the defendant's explanation during booking that he was homeless, a condition that infers a minimum of possessions.

4

In *United States v. Shea*, 159 F.3d 37 (1st Cir. 1998), Shea escaped arrest after committing an attempted bank robbery with a black revolver. A week later he was arrested for a second robbery, at which time he was in possession of a black revolver. At Shea's trial for attempted robbery the victim teller was shown the black revolver and testified that "it looked like the gun that was pointed at [her]" in the attempted robbery. *Id.* at 39. The First Circuit found the evidence admissible under Rule 401, distinguishing Rule 404(b) as inapplicable: "Here, the Government sought to prove that the gun seized from the defendant was the same gun used in the attempted ... robbery. In other words, the government sought to introduce the gun as intrinsic, direct evidence of the charged crime - not as Rule 404(b) evidence." *Id.*

In conclusion, the proposed testimony of W-1 and W-2 is relevant evidence under Fed. R. Evid. 401 and should be admitted in the Government's case-in-chief.

        COLM F. CONNOLLY
        United States Attorney

By: _____
    Edmond Falgowski
    Assistant United States Attorney

Dated: 10-3-07

5

## CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-118-JJF |
| | ) | |
| KEVIN L. PEARSALL | ) | |

I, Sharon Bernardo, an employee of the United States Attorney's Office, hereby certify that on October 3, 2007, I electronically filed the foregoing:

**GOVERNMENT'S MOTION IN LIMINE TO
ADMIT EVIDENCE OF DEFENDANT'S POSSESSION OF
HANDGUN PURSUANT TO FEDERAL RULE OF EVIDENCE 401**

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

Edson A. Bostic, Esquire
Federal Public Defender's Office
First Federal Plaza, Suite 110
704 King Street
Wilmington, DE  19801
ecf_de@msn.com

_/s/ Sharon Bernardo_