IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No.  06-118-JJF |
| | ) | |
| KEVIN PEARSALL, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT REQUEST FOR JURY INSTRUCTIONS

NOW COMES the United States of America, by and through its undersigned attorney, and hereby

files the following joint proposed jury instructions for the Court's consideration in the above-captioned

case.

Defendant's counsel Edson A. Bostic, Esquire, reviewed the proposed instructions.

The parties are in agreement with the exception of page 9, which has alternative instructions.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:

Edmond Falgowski
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, Delaware  19801
(302) 573-6277 x122

Dated:   October 4, 2007

# TABLE OF CONTENTS

**Page**

ROLE OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CREDIBILITY -- COOPERATING WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED . . . . . . . . . . . . . . . . . . . . . . . . 11

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT . . . . . . . 12

NATURE OF THE INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

ON OR ABOUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

OPINION EVIDENCE (EXPERT WITNESS) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE . . . . . . . . . . . . . . 17

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

NATURE OF THE CHARGES
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

THE NATURE OF AND STATUTE DEFINING THE
OFFENSE CHARGED IN COUNT ONE OF THE INDICTMENT . . . . . . . . . . . . . . . . . . . . .20

FELON IN POSSESSION OF FIREARM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

PROOF OF PRIOR CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

EVIDENCE OF PRIOR CONVICTION OF DEFENDANT CHARGED
WITH POSSESSION OF A FIREARM BY A CONVICTED FELON . . . . . . . . . . . . . . . . . . . .23

FIREARM OFFENSES – KNOWING POSSESSION DEFINED . . . . . . . . . . . . . . . . . . . . . 24

**Page**

FIREARM OFFENSES – IN OR AFFECTING
INTERSTATE OR FOREIGN COMMERCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

DELIBERATIONS AND VERDICT
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## **ROLE OF JURY**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.01.

1

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)   The testimony of the witnesses;

(2)   Documents and other things received as exhibits; and

(3)   Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4)   Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1)   The Indictment;

(2)   Statements and arguments of the lawyers for the parties in this case;

(3)   Questions by the lawyers and questions that I might have asked;

(4)   Objections by lawyers, including objections in which the lawyers stated facts;

(5)   Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

2

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do

3

not assume from anything I may have done or said during the trial that I have any opinion about any of

the issues in this case or about what your verdict should be.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.02.

4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial *(or indirect)* evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

5

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)    The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2)    The quality of the witness' knowledge, understanding, and memory;

(3)    The witness' appearance, behavior, and manner while testifying;

(4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)    Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6)    Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

7

(7)    Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8)    Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.04.

8

## CREDIBILITY -- COOPERATING WITNESSES

The testimony of a witness who provides evidence against a defendant pursuant to a plea agreement, must e examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the witness' testimony has been affected by interest, or by prejudice against defendant.

*Devitt & Blackmar, § 17.02*

You have heard evidence that certain witnesses hope to receive reduced sentences on criminal charges pending against them in return for their cooperation with the government in this case.

You have heard that these cooperating witnesses entered into "plea agreements" with the Government which provide that in return for their cooperation, the Government will file motions to permit the court to reduce any sentence.

If the prosecutor believes these cooperating witnesses have provided substantial assistance, the prosecutor can file a motion with the court to permit the reduction of their sentences below any mandatory minimum sentence or the applicable sentencing guidelines. The Judge has no power to reduce a sentence for substantial assistance unless the Government, acting through the United States Attorney, files a such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

9

You may give the testimony of these witnesses such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his or her hope of receiving a reduced sentence is for you to decide.

*Authority and/or Adapted From*

Eighth Circuit, <u>Model Criminal Jury Instructions</u>, Instruction 4.05A (1996)(modified).

10

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the Government is required to prove the defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant presented evidence and produced witnesses.*] The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In fact, the defendant has no burden to prove anything. The only party that has a burden of proof is the Government and the defendant is presumed innocent.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.05.

11

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with him unless and until the Government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the Government to prove that the defendant is guilty and this burden stays with the Government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the Government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury must, of course, adopt the conclusion of innocence.

Authority and/or adopted from O'Mallers, Grenig and Lee, Federal Jury Practice & Instructions, § 12.10 (5th Ed.)

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## NATURE OF THE INDICTMENT

As you know, the defendant is charged in the Indictment with violating federal law, specifically with being a felon in possession of a firearm. As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.07.

14

## **ON OR ABOUT**

You will note that the Indictment charge that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of any alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.08.

15

## OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Alfred J. Schwoeble and John Kilty as experts in gunshot residue evidence. Because of their knowledge, skill, experience, training, or education in the field of gunshot residue, they were permitted to offer opinions in that field and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing their opinion testimony you may consider the witnesses' qualifications, the reasons for their opinions, and the reliability of the information supporting their opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide the opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.09.

## **DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE**

The defendant did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against the defendant because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.27.

17

## **DEFENDANT'S TESTIMONY**

In a criminal case, the defendant has a constitutional right not to testify.  However, if the defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant testified. You should examine and evaluate the defendant's testimony just as you would the testimony of any witness.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.28.

## NATURE OF THE CHARGES
## <u>INTRODUCTION</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment.  Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the defendant.  Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the Government has proven this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

19

## THE NATURE OF AND STATUTE DEFINING THE
## OFFENSE CHARGED IN COUNT ONE OF THE INDICTMENT

Count One of the indictment charges that on or about the 5th day of August, 2006, in the District

of Delaware, the defendant, Kevin Pearsall, the defendant, knowingly did possess a firearm, that is a

9mm Vector, semi-automatic pistol, serial number BDD184, which had been transported in interstate

commerce to Delaware, having been convicted in the Superior Court for Kent County, Delaware, of an

offense punishable by imprisonment for a term exceeding one year.

*Authority and/or Adapted From*

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 53.01 and 53.02 (5th ed.
2000).(modified).

## FELON IN POSSESSION OF FIREARM

The indictment charges the defendant with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

Second: That after this conviction, the defendant knowingly possessed the firearm described in the indictment; and

Third: That the defendant's possession was in or affecting interstate commerce.

21

## PROOF OF PRIOR CONVICTION

In order to find the defendant guilty of this offense, you must find that the Government proved that before the date the defendant is charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The Government contends that the defendant was convicted of Burglary Third Degree, Conspiracy Second Degree, Possession With Intent to Distribute Marijuana and Robbery Second Degree in state court. I charge you that as a matter of law, each of those crimes is a crime punishable by imprisonment for a term exceeding one year. However, you must determine beyond a reasonable doubt if the defendant was convicted of this crime.

To satisfy this first element, you need only find beyond a reasonable doubt that the defendant was, in fact, convicted of that crime and that the conviction was prior to the possession of the weapon as charged in the indictment. It is not necessary that the Government prove that the defendant knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.

*[If the parties stipulate, substitute:* The parties have stipulated that the defendant was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time that the defendant is alleged to have possessed the firearm charged in the indictment.]

22

## EVIDENCE OF PRIOR CONVICTION OF DEFENDANT CHARGED
## WITH POSSESSION OF A FIREARM BY A CONVICTED FELON

You heard evidence through a stipulation that the defendant was convicted before this incident of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on August 5, 2006, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the Government has proved beyond a reasonable doubt all of the elements of this crime.

## **FIREARM OFFENSES – KNOWING POSSESSION DEFINED**

To establish the second element of the offense, the Government must prove that the defendant possessed the firearm in question. To "possess" means to have something within a person's control. The Government does not have to prove that the defendant physically held the firearm, that is, had actual possession of it. As long as the firearm was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the object when the defendant wanted to do so - you may find that the Government has proven possession. Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of the firearm is not required.

The Government must prove that the defendant knowingly possessed the firearm described in the indictment. This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that the defendant knew the object was a firearm.

24

## FIREARM OFFENSES – IN OR AFFECTING
## INTERSTATE OR FOREIGN COMMERCE DEFINED

The second element that the Government must prove beyond a reasonable doubt is that the firearm specified in the indictment was in or affecting interstate commerce. This means that the Government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line. The Government does not need to prove that the defendant himself carried it across a state line, or to prove who carried it across or how it was transported. It is also not necessary for the Government to prove that the defendant knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different country and then imported to a different state than the state where the defendant is charged with possessing it. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

25

## DELIBERATIONS AND VERDICT
### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, §8.01 (2005).

26

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to that Count.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that Count.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.03 (2005).

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to each Count.

Pattern Criminal Jury Instructions, 6th Circuit, §8.04 (2005).

28

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.05 (2005).

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved a particular charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against her beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, §8.06 (2005).

30

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.09 (2005).

31

The parties reserve the right to offer additional jury instructions at trial.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


  /s/ Edson A. Bostic                                  By:   /s/ Edmond Falgowski          
Edson A. Bostic                                        Edmond Falgowski
Federal Public Defender                        Assistant United States Attorney


Dated:   October 4, 2007

32

## CERTIFICATE OF SERVICE

UNITED STATES OF AMERICA,              )
                                       )
                    Plaintiff,         )
          v.                           )          Criminal Action No.  06-118-JJF
                                       )
KEVIN PEARSALL,                        )
                                       )
                    Defendant.         )


 I, Sharon Bernardo, employee of the United States Attorney's Office  for the District of

Delaware, hereby attest under penalty of perjury that on the 4th day of October, 2007, I electronically

filed a JOINT REQUEST FOR JURY INSTRUCTIONS with the Clerk of Court using CM/ECF and

by sending a WordPerfect copy of this document via email to the Court.  Said document is available for

viewing and downloading from CM/ECF, which will send notification of such filing to the following

and also two copies of said document were hand delivered as follows:


 Edson A. Bostic, Esquire
 Federal Public Defender's Office
 First Federal Plaza, Suite 110
 704 King Street
 Wilmington, Delaware 19801


              _____

              Sharon Bernardo