IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES of AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-118-JJF |
| KEVIN L. PEARSALL, | : |
| Defendant. | : |

### MEMORANDUM ORDER

On October 24, 2006, the Defendant, Kevin L. Pearsall ("Mr. Pearsall"), was indicted for being a felon in possession of a firearm. In its Motion in Limine, filed October 3, 2007, the Government gives notice of its intent to offer into evidence, as part of its case-in-chief, testimony of two witnesses who observed Mr. Pearsall allegedly in possession of a handgun close in time and proximity to Mr. Pearsall's arrest on April 5, 2006.

### Proposed Testimony at Issue

According to the Government, Witness One (W-1) would testify to her acquaintance with Mr. Pearsall, and that, on the evening of August 3, 2006, W-1 and Witness Two were at W-1's house and heard gun shots. Shortly thereafter, W-1 saw Mr. Pearsall standing under a tree on W-1's lawn, holding a black, semi-automatic pistol in his hand. Although police have shown W-1 catalog pictures of the make and model of the subject firearm, W-1 could not identify the firearm as identical because "it was dark [outside]." W-1 has not been shown the firearm seized on

FILED
OCT 23 2007

August 5, 2006.

Witness Two (W-2) would testify to her acquaintance with Mr. Pearsall, and that, on the evening of August 3, 2006, W-2, along with W-1, observed Mr. Pearsall holding a gun while standing under a tree on W-1's lawn.  W-2 has not been shown catalog pictures of the make and model of the firearm at issue, or the firearm seized on August 5, 2006.

### Parties' Contentions

The Government contends this evidence should be allowed as evidence tending to show Mr. Pearsall's possession of the same black, semi-automatic pistol close in time and proximity to the scene of Mr. Pearsall's arrest.  Thus, the Government contends, this evidence should be admitted under Rule 401, since it is offered as direct evidence of a fact in issue:  that Mr. Pearsall exercised control over the subject firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The Government's contends the evidence is not being offered under Rule 404(b), which proscribes admission of evidence of prior crimes, but rather as evidence intrinsic to the charged offense.

Mr. Pearsall contends the testimony of the proposed witnesses should be excluded because (1) the testimony does not have a proper purpose and only proves propensity; (2) evidence of prior gun possession is not relevant under FRE 402; (3) under Rule 403, unfair prejudicial effect outweighs any potential

probative value; (4) admitting the evidence will lead to confusion of issues for the jury; and (5) the testimony is not direct, intrinsic evidence of the charge at issue.

## Discussion

### I.   W-1's Testimony

The Court will allow the testimony of W-1. Evidence tending to show that Mr. Pearsall had direct physical control over a handgun closely resembling the subject firearm 24-hours before his arrest is relevant to an element of the charge against him, specifically, whether he had possession of the firearm. Receipt and continuous possession of a firearm are a single offense. See Ball v. United States, 470 U.S. 856, 861 (1985).

Further, the Court finds United States v. Towne, 870 F.2d 880, 885-886 (2d Cir. 1989), helpful in resolving the issue. Mr Towne was charged with possession of a firearm by a felon. At trial, the district court allowed the government to present evidence of Towne's possession of a pistol (the subject firearm) on days other than the single date charged in the indictment. On appeal, Towne argued that the district court should have given a limiting instruction since this was evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Second Circuit held:

> The basic flaw in [Towne's] argument is that the challenged evidence was not "other crimes" evidence within the meaning of Rule 404(b). Rather the evidence was admitted to show that it was Towne and not someone

3

else who exercised continuous dominion and control over the pistol...The continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single offense.

Id. at 886. (internal citations omitted). Even if Towne's possession of the pistol on the other days had constituted other criminal activity, the Second Circuit stated that evidence of uncharged criminal activity "is not considered 'other crimes' evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the changed offense, or if it is necessary to complete the story of the crime on trial." Id. (internal citations omitted); see also United States v. Stewart, 325 F.Supp. 2d 474, 493 (D. Del. 2004) ("the prohibition of Rule 404(b) is not invoked if the evidence is offered as direct proof of the crime charged.") (internal citation omitted).

    Mr. Pearsall's possession and/or control over the subject firearm will likely be at issue at trial, since Mr. Pearsall was not in physical possession of the subject firearm when he was arrested. W-1's testimony, if accepted by the jury, tends to establish Mr. Pearsall's possession of the subject firearm approximately 24-hours before the time he is charged with possession of that firearm, and thus can be considered direct evidence of a fact at issue. In this regard, W-1's testimony is

he possessed a firearm resembling the subject firearm the day before his arrest.

Mr. Pearsall contends he "would have to delve into other potential prior bad acts [he has committed] to defend against the proffered testimony," in order to "combat the veracity of W-1, as well as to show bias." Therefore, "the proffered testimony will likely stray into allegations that W-1 and Mr. Pearsall have had on-going problems between them, and that W-1 believes that Mr. Pearsall was somehow threatening or retaliating against her for allegedly having him arrested approximately [four] nights earlier." If Mr. Pearsall elects to delve into these matters, the Court will allow him broad latitude to offer evidence that touches on W-1's credibility and possible bias.

## II.   W-2's Testimony

The Court will exclude W-2's testimony. The testimony of W-2 concerns the witness's knowledge of Mr. Pearsall's possession of a firearm, not his possession of the subject firearm. Although W-2's testimony concerning possession by Mr. Pearsall is close in temporal and geographical proximity to Mr. Pearsall's arrest, and may suggest that he was in possession of the subject firearm when he was arrested, W-2's testimony is less probative than W-1's testimony. Again, this is because, according to the Government,

W-2 can testify only to Mr. Pearsall's possession of a firearm, not a firearm closely resembling the firearm Mr. Pearsall is charged with possessing. Since W-1's testimony is more precise and relevant to the charge that Mr. Pearsall possessed the firearm *at issue*, it will be admitted while W-2's testimony as proffered will be excluded.

For the reasons discussed, the Court will allow the Government to offer into evidence, as part of its case-in-chief, the testimony of W-1, but will exclude the testimony of W-2.

Therefore, it is Hereby Ordered that the Government's Motion in Limine is **GRANTED**, in part, and **DENIED**, in part, in accordance with this Memorandum Order.


October 22, 2007            _____
       DATE                  UNITED STATES DISTRICT JUDGE